# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ARNOLD LORENZO PAIGE,** : | **CIVIL ACTION NO. 1:08-CV-0978** |
| **Plaintiff** : | **(Judge Conner)** |
| v. : | |
| **J. HOLTZAPPLE, UNITED STATES,** : | |
| **OF AMERICA,** : | |
| **Defendants** : | |

## **MEMORANDUM**

Arnold Lorenzo Paige ("Paige"), a federal inmate formerly incarcerated at the United States Penitentiary at Allenwood ("USP-Allenwood"), filed a complaint on May 19, 2008, setting forth <u>Bivens</u>[1] and Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 1346, claims. (Doc. 1). Named as defendants are J. Holtzapple and the United States. (<u>Id.</u>) Paige contends that Holtzapple was deliberately indifferent to his serious medical needs in violation of the eighth amendment. (Doc. 1, at 4, ¶ 16.) He also alleges that Holtzapple breached her duty of care by failing to perform an examination, diagnose him, and provide him with medicine for his condition. (<u>Id.</u> at 17-20.) Presently before the court is defendants' motion to dismiss pursuant to

---

[1] <u>Bivens</u> actions are the federal counterpart to 42 U.S.C. § 1983 claims brought against state officials. <u>Egervary v. Young</u>, 366 F.3d 238, 246 (3d Cir. 2004) (citing <u>Brown v. Philip Morris Inc.</u>, 250 F.3d 789, 800 (3d Cir. 2001)). "[C]ourts have generally relied upon the principles developed in the case law applying section 1983 to establish the outer perimeters of a <u>Bivens</u> claim against federal officials." <u>Schrob v. Catterson</u>, 948 F.2d 1402, 1409 (3d Cir. 1991).

Federal Rule of Civil Procedure 12(b)(6) and for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 15.) For the reasons set forth below, the motion to dismiss will be denied as moot in part, and denied in part. The motion for summary judgment will be granted in part and denied in part.

Also before the court is Paige's motion (Doc. 29) for leave to file a certificate of merit. The motion will be granted to the extent that Paige will be afforded the opportunity to file a valid certificate.

## II. **Motion to Dismiss**

### A. **Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, ---U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed-me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").  Thus, courts should not dismiss a complaint for failure to state a claim if it contains "enough factual matter (taken as true) to suggest the required element.  This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Phillips, 515 F.3d at 234 (quoting Twombly, 550 U.S. at 556).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

**B.    Discussion**

   1.    FTCA Proper Party

Defendants seek to dismiss the FTCA claim against defendant Holtzapple on the basis that the only proper party defendant in any FTCA claim is the United States, and not the individually named employees of the BOP. See 28 U.S.C. § 2679(b) and (d)(1). Plaintiff recognizes this limitation and clarifies that he is only seeking relief against Holtzapple under Bivens, not the FTCA. (Doc. 27, at 10.) The motion is therefore rendered moot.

   2.    FTCA Sum Certain

Dismissal of the FTCA claim is sought to the extent that Paige is seeking any sum in excess of the $100,000.00 amount he requested in the administrative tort claim. (Doc. 18, at 15.) Prior to filing an FTCA action against the United States, a plaintiff must first have presented the claim to the appropriate federal agency and the claim must have been denied. See 28 U.S.C. § 2675. Except for limited circumstances, an FTCA claim in federal court is limited to recovery of the sum certain amount requested in the underlying administrative claim. See McMichael v. United States, 856 F.2d 1026, 1035 (8th Cir. 1988). Specifically, 28 U.S.C § 2675(b) provides that an "[a]ction under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim."

Paige is seeking the sum certain of $100,000.00 on the FTCA claim. (Doc. 29, at 11.) Any other relief requested is associated with the Bivens claim. (Id.) Therefore, this portion of the motion is also moot.

### 3. Certificate of Merit

Defendants seek to dismiss the FTCA claim on the basis that Paige failed to file a Certificate of Merit ("COM") as required by Pennsylvania Rule of Civil Procedure 1042.3. Under Pennsylvania law, a party filing an "action based upon an allegation that a licensed professional deviated from an acceptable standard," P<small>A</small> R. C<small>IV</small>. P. 1042.3(a), must file a COM signed by the party or the party's attorney that attests to the fact that:

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm.
>
> * * *
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.
>
> * * *
>
> (d) The court, upon good cause shown, shall extend the time for filing a certificate of merit for a period not to exceed sixty days. The motion to extend the time for filing a certificate of merit must be filed on or before the filing date that the plaintiff seeks to extend. . . .

P<small>A</small>. R. C<small>IV</small>. P. 1042.33. If a plaintiff fails to file the required certificate within sixty (60) days of filing the complaint, the proper procedure in federal practice is to file a

5

motion pursuant to FED. R. CIV. P. 12(b)(6) to dismiss the professional negligence claim without prejudice. Stroud v. Abington Mem'l Hosp., 546 F. Supp. 2d 236, 250 (E.D. Pa. 2008.)[2] "[T]he sixty-day deadline for filing a COM will be strictly construed and not lightly excused. . . ." Id. The rule applies to pro se and represented plaintiffs alike and constitutes a rule of substantive state law with which plaintiffs in federal court must comply. See Iwanejko v. Cohen & Grigsby, P.C., 249 F. App'x 938, 944 (3d Cir. 2007). (holding that district courts must "appl[y] Rule 1042.3 as substantive state law"); Maruca v. Hynick, No. 3:06-CV-00689, 2007 WL 675038, at * (M.D. Pa. Feb. 27, 2007) (finding "[T]he language of Rule 1042.3(a)—i.e., "or the plaintiff if not represented . . . shall file . . . a certificate of merit" expressly requires that a pro se plaintiff must file a certificate of merit.").

Failure to file either a certificate of merit under Rule 1042.3(a) or a motion for extension under Rule 1042.3(d) is fatal unless the plaintiff demonstrates that his or her failure to comply is justified by a "reasonable excuse." Perez v. Griffin, 304 Fed. App'x. 72, ----, 2008 WL 5351829, at * 2 (3d Cir .2008) (per curiam) (nonprecedential); see also, Womer v. Hilliker, 908 A.2d 269, 279-80 (Pa. 2006) (holding that a court may reconsider judgment entered for failure to comply with Rule 1042.3 if the plaintiff demonstrates a "reasonable excuse" for the noncompliance); see also PA. R. CIV. P. 1042.6 (authorizing entry of non pros judgment if a malpractice plaintiff fails to comply with Rule 1042.3); Walsh v.

---

[2]The state statute provides that defendants may file a praecipe for entry of judgment of *non pros*. See PA. R. CIV. P. 1042.6.

Consol. Design & Eng'g, Inc., No. Civ. A. 05-2001, 2007 WL 2844829, at *5 (E.D. Pa. Sept. 28, 2007) ("Rule 1042.3 is subject to equitable considerations and a party who fails to timely file a certificate of merit may be relieved from the requirement where the defaulting party provides a reasonable explanation or legitimate excuse.").

In response to defendants' motion to dismiss, Paige filed a motion for leave to file a COM. (Doc. 29.) Therein, he contends that his failure to provide the certificate in a timely manner should be excused because, due to his status as a federal prisoner with limited access to a less than adequate law library, he was unaware of the requirement. (Doc. 29, at 3.) He attaches a COM stating that "Expert testimony of an appropriate licensed professional is unnecessary for prosecution of this claim." (Id. at 7.)

The case of Scaramuzza v. Sciolla, 345 F. Supp. 2d 508 (E.D. Pa. 2004) is instructive. In Scaramuzza, the plaintiff did not provide a certificate of merit within the deadline established by Rule 1042.3 but, rather, supplied it in response to the defendants' motion to dismiss. Id. at 509. The court noted that it "could dismiss plaintiff's complaint . . . for failure to file a certificate of merit" but determined that the plaintiff's noncompliance was excused because a valid certificate was provided in response to the motion. Id. at 511-12.[3]

---

[3]The court also excused compliance because the United States Court of Appeals for the Third Circuit had not yet determined whether Rule 1042.3 qualified as substantive state law applicable in federal court, Id. at 511, an issue that has since been settled in that Pennsylvania's federal district courts have clearly determined that Rule 1042.3 constitutes a rule of substantive law. Perez v. Griffin, No. Civ. A. 06-1468, slip op. at 9, n.8 (collecting cases), *aff'd* Perez v. Griffin, 304

In the matter *sub judice*, because Paige sought leave to file a COM and attached a proposed COM to his motion, the court will deny defendants' motion to dismiss on this point. However, the court is mindful that the COM is invalid in that it states that "Expert testimony of an appropriate license professional is unnecessary for prosecution of this claim." (Doc. 29, at 7.) Where the conduct at issue constituted an integral part of rendering medical treatment, and involved diagnosis, care, and treatment by a licensed professional, as is the case here, the action is one that is characterized as a professional negligence action requiring expert testimony. Smith v. Friends Hosp., 928 A.2d 1072, 1075-76 (Pa. Super. Ct. 2007); Iwanejko v. Cohen & Grigsby, P.C., 249 Fed. App'x 938, 943-44 (3d Cir. 2007). In light of this requirement, Paige will be afforded the opportunity to file a COM that complies with Rule 1042.3.[4]

### III. **Motion for Summary Judgment**

#### A. **Standard of Review**

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality. See FED. R. CIV. P. 56(c). The

---

Fed. App'x. 72, ----, 2008 WL 5351829, at * 2 (3d Cir . 2008) (per curiam) (nonprecedential).

[4]The COM must contain a written statement from an appropriate licensed professional that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm. PA R. CIV. P. 1042.3(a)

8

burden of proof is upon the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e). Only if this threshold is met may the cause of action proceed. Pappas, 331 F. Supp. 2d at 315.

**B.    Statement of Facts[5]**

At all times relevant, Paige was confined to the Special Housing Unit ("SHU") at USP-Allenwood. (Doc. 19-2, Declaration of defendant Jennifer Holtzapple, physicians assistant at USP-Allenwood, at 3, ¶¶ 1, 8.) Although inmates in the SHU are unable to report directly to Health Services for medical care, they can request medical attention Monday through Friday by leaving a sick call form at their cell door for medical staff to collect during morning rounds. (Id. at ¶ 8) On July 6, 2007, Paige submitted a sick call form requesting "any kind of cream or wipes for hemmoroids [sic]. Mine is very itchy and bleeding during bowel movements. This is extremely painful, Please!" (Doc. 19-2, at 10.) On that same

---

[5]In accordance with the standard of review for a motion for summary judgment, the court will present the facts in the light most favorable to Paige, the non-moving party. See infra, Part III, Section A.

date, at 0600 hours, triage personnel noted that a sick call appointment would be scheduled with his personal care physician. (Id.)

On July 10, 2007, while Holtzapple was conducting morning medical rounds, Paige requested cream, wipes and stool softener for his hemorrhoid condition. (Doc. 27-2, Affidavit of Paige, at 4, ¶¶ 2, 3.) Holtzapple allegedly "lashed out at [Paige] in an extremely hostile tone" and informed him that he could purchase the necessary medications from the commissary. (Doc. 27-2, Affidavit of Paige, at 4, ¶¶ 2, 3.) The BOP has a policy that requires inmates to purchase certain over-the-counter medications from the commissary. (Doc. 19-2 at 7, ¶ 13.) Holtzapple purportedly did not afford Paige the opportunity to discuss his condition. (Id. at ¶ 4.) Nor did she examine him or diagnose his condition to determine if immediate treatment was necessary. (Id. at ¶ 5.) Later that same day, Holtzapple forwarded to Paige a commissary form highlighting the recommended medications of hemorrhoid cream and Tucks Medicated Pads. (Doc. 27-2, at 38.) The form contained a handwritten notation stating "if highlighted meds are not on SHU commissary list you can write them in." (Id.) Stool softeners are not available in the commissary. (Id.)

Paige's condition worsened each day and caused him "extreme pain and bleeding." (Id. at ¶ 7.) He "literally suffered from pain and agony for six (6) additional days ["After the defendant, (07/10/2007) failed to provide [him] with any treatment or, care at all"] until [he] was able to purchase the medication from the

10

commissary. . . on 07/16/2007." (Id. at 5, ¶ 8.) Three weeks later, he was transferred to another institution.

**C.     Discussion**

1.     Eighth Amendment

The Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).  In order to establish a violation based on the Eighth Amendment, "evidence must show (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need."  See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004); Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003);  Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987); West v. Keve, 571 F.2d 158, 161 (3d Cir. 1979).

A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."  Monmouth County, 834 F.2d at 347.

The "deliberate indifference" standard is a stringent standard of fault requiring proof that a defendant disregarded a known or obvious consequence of his action.  Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 410 (1997).  The defendant must be both aware of facts from which the inference could be drawn that a substantial harm exists and he must also draw the

inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). An official is not deliberately indifferent if "he fails to alleviate a significant risk that he should have identified." Id. The test for whether a prison official was deliberately indifferent is whether that defendant "acted or failed to act despite his knowledge of a substantial risk of serious harm." Farmer, 511 U.S. at 841 (1994). Only egregious acts or omissions can violate this standard. See White v. Napoleon, 897 F.2d 103, 108-10 (3d Cir. 1990.)

Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. . . ." Estelle, 429 U.S. at 106. "Allegations of medical malpractice are not sufficient to establish a Constitutional violation." Spruill, 372 F.3d at 235. "[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." Brown v. Borough of Chambersburg, 903 F.2d 274, 278 (3d Cir. 1990.) In sum, negligence, unsuccessful medical treatment, or medical malpractice do not give rise to a civil rights cause of action, and an inmate's disagreement with medical treatment is insufficient to establish deliberate indifference. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993.)

In addition, mere disagreements between the prisoner and the treating physician over medical treatment do not rise to the level of "deliberate indifference." See Boring v. Kozakiewicz, 833 F.2d 468, 473 (3d Cir. 1987); Farmer v. Carlson, 685 F. Supp. 1335, 1339 (M.D.Pa. 1988). Any attempt to second-guess the

12

propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979), United States ex rel. Walker v. Fayette County, 599 F.2d 573, 575 n. 2 (3d Cir. 1979); Little v. Lycoming County, 912 F. Supp. 809, 815 (M.D.Pa.), *aff'd*, 101 F.3d 691 (3d Cir. 1996.) "[T]he key question . . . is whether defendants have provided plaintiff with some type of treatment, regardless of whether it is what plaintiff desires." Farmer, 685 F. Supp. at 1339 (citation omitted.)

Defendants argue that Holtzapple's failure to examine or diagnose Paige was not deliberately indifferent to Paige's medical needs. The court agrees. Paige's allegations do not constitute an Eighth Amendment violation. Rather, this is an instance where an inmate was provided with treatment and disagrees with the course of treatment. At the time Paige brought his hemorrhoid condition to Hotzapple's attention, Holtzapple advised him that the medication necessary to treat the condition could be obtained from the commissary. Later that same day, she provided him with a commissary form with the recommended medications highlighted. Although Holtzapple did not examine Paige or provide him with a stool softener, this court will not attempt to second-guess the propriety or adequacy of the course of treatment prescribed since such determinations remain a question of sound professional judgment.

Paige also suggests that Holtzapple delayed his treatment when he failed to provide him with the OTC medication. In so arguing, he relies on BOP Program

13

Statement P6541.02, which governs inmate access to over-the-counter (OTC) medications. "During institution triage/sick call, medical staff will refer inmates to the commissary in response to complaints related to cosmetic and general hygiene issues or symptoms of minor medical ailments." (Doc. 27-2, at 12, Program Statement P6541.02.) The statement further provides as follows:

> Inmates may buy OTC medications which are available at the commissary. Inmates may also obtain OTC medications at sick call if the inmate does not already have the OTC medication and:
>
> (a) Health services determine that the inmate has an immediate medical need which must be addressed before his or her regularly scheduled commissary visit; or
>
> (b) the inmate is without funds.

(Doc. 27-2, at 11, Subpart B - - Over-The-Counter (OTC) Medications, § 549.30 "Purpose and Scope.") An inmate without funds is an inmate who has not had a trust fund account balance of $6.00 for the past 30 days. (Id. at 9, § 549.31 "Inmates without funds."). The record is devoid of any facts that would establish that Paige sought OTC medication because he had an immediate medical need, or that he was without funds. Consequently, this argument is without merit.

### 2. FTCA

Based upon the court's ruling with respect to the COM, any merits analysis of the FTCA is premature.

**IV. Conclusion**

For the reasons set forth above, defendants' motion to dismiss will be denied. The motion for summary judgment is granted in part and denied in part.

     S/ Christopher C. Conner
     CHRISTOPHER C. CONNER
     United States District Judge

Dated:     August 19, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARNOLD LORENZO PAIGE,** | : | **CIVIL ACTION NO. 1:08-CV-0978** |
| Plaintiff | : | (Judge Conner) |
| v. | : | |
| **J. HOLTZAPPLE, UNITED STATES,** | : | |
| **OF AMERICA,** | : | |
| Defendants | : | |

## ORDER

AND NOW, this 19th day of August, 2009, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Defendants' motion to dismiss (Doc. 15) the FTCA is DENIED.

2. Defendants' motion for summary judgment (Doc. 15) is GRANTED as to the Bivens claim. The Clerk of Court is directed to DEFER entry of judgment on this claim until further order.

3. The motion for summary judgment is DENIED in all other respects.

4. Plaintiff's motion for leave to file a certificate of merit (Doc. 29) is GRANTED. The proposed certificate of merit is REJECTED. Plaintiff shall file, on or before September 18, 2009, a certificate of merit that complies with PA R. CIV. P. 1042.3. Failure to do so will result in dismissal of the FTCA claim.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge